IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL TISDELL, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-01355 |
| NISSAN NORTH AMERICA, INC., | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) |

**MEMORANDUM**

Pending before the Court is a Motion for Summary Judgment filed by Defendant Nissan North America, Inc. ("Nissan"). (Doc. No. 36). Plaintiff Michael Tisdell ("Tisdell") filed a Response in Opposition (Doc. No. 45) and Nissan filed a Reply (Doc. No. 50). For the reasons discussed below, Nissan's motion will be **GRANTED** in part and **DENIED** in part.

I. FACTUAL AND PROCEDURAL BACKGROUND

Tisdell began working for Nissan in September 2014, when he was 56 years old. (Doc. No. 43 ¶¶ 1, 2). Tisdell was promoted a year later, at which point John Clark ("Clark"), who was approximately four years younger, became his direct supervisor. (*Id*. ¶¶ 3-5). In December 2016, Tisdell complained about Clark's management, code of business ethics, threats and intimidation, and favoritism. (Doc. No. 47-1; Doc. No. 43 ¶ 6). Nissan's human resources department received Tisdell's complaints and investigated them in January 2017. (Doc. No. 43 ¶ 8; Doc. No. 51 ¶ 21; Doc. No. 48-3 at PageID # 587).

On February 22, 2018, Tisdell complained about Clark to Gale Robinson ("Robinson"), a member of Nissan's human resources department, and Allyson Fearns, material handling director, (Doc. No. 47-6; Doc. No. 43 ¶ 9; Doc. No, 51 ¶ 31), including that Clark had asked Tisdell when

he was going to retire and that Tisdell felt like Clark was working to push him out. (*See* Doc. No. 47-6 at PageID # 440). In a memo dated February 24, 2018, Tisdell claimed that "age discrimination, retaliation, harassment and hostile work environment are not real concerns for Nissan..." (Doc. No. 47-2). In March 2018, Nissan's human resources department conducted an investigation of Clark, which included interviewing Tisdell and other employees. (Doc. No. 43 ¶¶ 11-12; Doc. No. 37-6). Clark was demoted as a result of the investigation and Ronnie Hawkins ("Hawkins") became Tisdell's supervisor. (Doc. No. 37-3 at PageID # 266-68; Doc. No. 43 ¶ 14; Doc. No. 51 ¶¶ 16, 47),

On or about May 11, 2018, Hawkins received a report that Tisdell had posted information about the investigation into Clark on a Nissan common drive. (Doc. No. 43 ¶ 15). On June 5, 2018, Robinson met with Tisdell about his reported use of the common drive, (Doc. No. 51 ¶ 56; Doc. No. 48-5 at PageID # 657), and Tisdell was sent home on a temporary suspension. (Doc. No. 47-7 at PageID # 446; Doc. No. 48-1 at PageID #524; Doc. No. 48-6 at PageID # 699). Nissan terminated Tisdell on June 11, 2018. (Doc. No. 48-6 at PageID # 699; Doc. No. 48-5 at PageID # 657; Doc. No. 48-1 at PageID #525).

On December 7, 2018, Tisdell filed suit against Nissan, alleging claims of age discrimination (Count I) and retaliation (Count II) in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34. (Doc. No. 1). On October 22, 2020, Nissan moved for summary judgment on all claims. (Doc. No. 36).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the

2

Case 3:18-cv-01355   Document 54   Filed 09/13/21   Page 2 of 6 PageID #: 746

Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

**A. Discrimination**

In his response to Nissan's motion, Tisdell concedes that his claim for age discrimination against Nissan should be dismissed. (*See* Doc. No. 45 at PageID # 408). Accordingly, Nissan's motion for summary judgment will be granted as to Count I.

**B. Retaliation**

To establish a *prima facie* case of retaliation under the ADEA, "[a] plaintiff must demonstrate that (1) they engaged in a protected activity, (2) the employer knew of the exercise of the protected right, (3) the employer took adverse employment action against the plaintiff or

3

Case 3:18-cv-01355   Document 54   Filed 09/13/21   Page 3 of 6 PageID #: 747

subjected the plaintiff to severe or pervasive retaliatory harassment by a supervisor, and (4) there was a causal connection between the protected activity and the adverse employment action or harassment." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 419 (6th Cir. 2021).[1] The plaintiff's burden to establish a *prima facie* case is light and easily met. *See Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 808 (6th Cir. 2020). Once the plaintiff has established a *prima facie* case of retaliation, the burden of production shifts to the defendant to offer a non-discriminatory reason for the adverse employment action. *See Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 288 (6th Cir. 2012). If the defendant meets its burden, the plaintiff then has the burden to "demonstrate that the proffered reason was mere pretext." *Id*.

Nissan argues that Tisdell cannot establish a *prima facie* case of ADEA retaliation because he cannot establish that he engaged in ADEA protected activity, that the decisionmaker and ultimate actor regarding his termination knew about his protected activity, or a causal connection. Nissan further argues that even if Tisdell could establish a *prima facie* case, he cannot show that Nissan's reason for his termination was pretextual. In his response, Tisdell argues that summary judgment is inappropriate because there are genuine disputes of material fact.

1. Protected Activity

Nissan argues that Tisdell cannot establish that he engaged in ADEA protected activity because the only time he mentioned age discrimination was "one vague sentence in a lengthy disagreement with Nissan's business judgment on other matters – without even a suggestion that [he] was claiming that *he* was the object of any discrimination." (Doc. No. 37 at 17) (emphasis in original). However, Nissan overlooks the evidence in the record that Tisdell complained to

---

[1] Because Title VII's anti-retaliation provision is similar to the ADEA's anti-retaliation provision, it is appropriate to look to cases construing Title VII as a source of authority when construing the ADEA's anti-retaliation clause. *See Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007).

4

Robinson that Clark had asked him when he was going to retire and Tisdell felt like Clark was working to push him out. (*See* Doc. No. 47-6 at PageID # 440). The Court finds that there is sufficient evidence in the record that Tisdell engaged in ADEA protected activity.

2. Decision Maker's Knowledge

Retaliation requires proof that the individuals charged with taking the adverse employment action knew of the plaintiff's protected activity. *See Khalaf v. Ford Motor Co.*, 973 F.3d 469, 490–91 (6th Cir. 2020). The parties contend that Robinson knew about Tisdell's protected activity, but that Hawkins did not. Nissan points to evidence that Hawkins terminated Tisdell, while Tisdell points to evidence that Robinson and Hawkins both terminated him. (Doc. No. 43 ¶ 20). Given the competing evidence, the Court finds that material questions of fact exist as to this element.

3. Causal Connection

"To show a causal connection between his age-discrimination complaints and his termination, Plaintiff 'must proffer evidence sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action.'" *Garren v. CVS Rx Servs., Inc.*, 482 F. Supp. 3d 705, 728 (E.D. Tenn. 2020) (quoting *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 596 (6th Cir. 2007)). Nissan contends that Tisdell cannot establish a causal connection between his termination and his claimed protected activity because there is no temporal proximity. Tisdell responds that the close proximity in time between his complaints in February and March and his suspension and termination in June allows an inference of retaliation. Drawing all reasonable inferences in Tisdell's favor, the Court finds that he has presented sufficient evidence of a causal connection between his protected activity and the adverse employment action based on temporal proximity. *See Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 284 (6th Cir. 2012).

4. <u>Pretext</u>

Nissan claims that Tisdell was terminated for posting confidential information on a common drive. (Doc. No. 37). Because Nissan put forth a legitimate, nondiscriminatory explanation, the burden shifts back to Tisdell to identify evidence from which a reasonable jury could conclude that the proffered reason is actually pretext. *See Blizzard*, 698 F.3d at 288. "Demonstrating pretext often consists of 'raising the question of why [the plaintiff] was singled out' for an adverse employment action." *Strickland v. City of Detroit*, 995 F.3d 495, 512 (6th Cir. 2021) (quoting *George v. Youngstown State Univ.*, 966 F.3d 446, 462 (6th Cir. 2020)).

To show pretext, Tisdell points evidence that Clark was also found to have shared confidential information but was not terminated, and that Nissan left the offending confidential material on the share drive for several weeks after it was first discovered. (*See* Doc. No. 51 ¶¶ 29-30, 39-40, 49). Drawing all reasonable inferences in Tisdell's favor, there is a genuine dispute of material fact as to whether the conduct of Clark involving confidential information was so different from Tisdell's conduct as to "justify the differential treatment" Tisdell received. *See id.* at 514 ("This Court has long held that evidence of such unjustified differential treatment is sufficient 'to withstand summary judgment on the issue of pretext' and is itself evidence that the 'proffered explanation ... may not have actually motivated [the employer's] conduct.'") (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1023 (6th Cir. 2000)).

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE